Kevin MacMurray Esq.,
MacMurray & Associates LLC
Two Center Plaza Suite 605
Boston MA 02108
(617) 742 8161
BBO# 558192

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALEJANDRA ARENAS VICTORIA,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>DAVID WESLING, Field Office Director of ICE ERO in the Boston Field Office;<br>PATRICIA HYDE, Acting Field Office Director;<br>TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement;<br>PAMELA BONDI, U.S. Attorney General;<br>and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>Respondents-Defendants. | Case No. ________________ |

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER SEEKING STAY OF TRANSFER, RELEASE, BOND HEARING, AND INVENTORY AND RETURN OF PERSONAL PROPERTY**

## I. INTRODUCTION

1. Petitioner seeks immediate, narrowly tailored habeas relief to remedy unlawful and arbitrary immigration detention practices that deprive her of due process, access to counsel, and meaningful custody review.
2. First, Petitioner seeks an emergency stay of transfer to prevent Immigration and Customs Enforcement ("ICE") from removing her from this district while custody and bond proceedings are pending within this jurisdiction. ICE's practice of transferring detained individuals immediately before or during bond proceedings—often without notice to counsel—systematically interferes with access to counsel, preparation of bond evidence, and this Court's jurisdiction to provide meaningful relief.
3. Second, Petitioner seeks release from custody, or in the alternative a prompt individualized bond hearing, because ICE is engaging in categorical detention practices without individualized determinations and without providing a meaningful opportunity to seek release.
4. Third, Petitioner seeks ancillary habeas relief requiring ICE to account for, preserve, and return personal property seized incident to detention, including legal papers and personal effects. ICE's failure to inventory, preserve, or return Petitioner's property exceeds its lawful custodial authority and directly interferes with access to counsel and the courts.
5. Petitioner is a member of the Guerra-Orellana class and is therefore entitled to procedural protections against detention practices that frustrate access to bond and judicial review. Absent immediate judicial intervention, Petitioner faces irreparable harm.
6. Petitioner does not seek adjudication of the merits of his removal case. He seeks only relief necessary to restore due process, preserve jurisdiction, and remedy unlawful custody practices.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 2241, 28 U.S.C. § 1331, and the Suspension Clause of the United States Constitution.

8. Federal district courts possess authority to grant habeas relief where immigration detention violates the Constitution, federal law, or exceeds statutory authority, including authority to order release, bond hearings, and ancillary injunctive relief necessary to make the writ effective.

9. Venue is proper in the District of Massachusetts because Petitioner is currently detained at Plymouth County Correctional Facility, and Respondents exercise custody and control over Petitioner within this District.

## III. PARTIES

10. Petitioner is an individual currently detained by U.S. Immigration and Customs Enforcement at Plymouth County Correctional Facility in Plymouth, Massachusetts.

11. Respondents, sued in their official capacities, are federal officials responsible for Petitioner's detention and custody: Patricia Hyde, Acting Field Office Director for ICE Enforcement and Removal Operations, with authority over detention and transfer decisions within the District of Massachusetts; Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement; Pamela Bondi, United States Attorney General; Kristi Noem, United States Secretary of Homeland Security.

## IV. FACTUAL BACKGROUND

12. Petitioner is currently detained at ICE Burlington after attending a routine check-in.

13. Petitioner has imminent custody and bond proceedings within the jurisdiction of the Boston Immigration Court. Undersigned Counsel was retained on January 9, 2026 and is actively preparing bond documentation and evidence.

14. ICE has a well-documented and recurring practice of transferring detained individuals out of district—or out of state—shortly before bond hearings or judicial review, often without notice to counsel.

15. Such transfers routinely:

    a. Sever attorney-client relationships;

    b. Prevent meaningful preparation for bond hearings;

    c. Delay or foreclose custody review;

    d. Disrupt access to witnesses and evidence;

    e. Undermine federal court habeas jurisdiction.

16. Petitioner is a member of the Guerra-Orellana class, which includes individuals entitled to protections against detention practices that obstruct access to custody review and judicial oversight.

17. In addition, ICE seized Petitioner's personal property incident to detention, including items essential to preparing his immigration case. ICE has failed to provide a complete inventory, has not returned property, and has not accounted for whether property has been lost or destroyed.

18. The loss or destruction of Petitioner's personal property:

    a. Interferes with access to counsel;

       Impairs preparation of bond and immigration proceedings;

    b. Exceeds ICE's lawful custodial authority;

c. Violates due process.

19. Absent immediate judicial intervention, ICE may transfer Petitioner without notice, continue unlawful detention practices, and further deprive Petitioner of property and access to the courts, causing irreparable harm.

## V. LEGAL GROUNDS FOR RELIEF

### A. This Court Has Authority to Enjoin Transfers and Remedy Unlawful Custody

Federal courts possess authority under **28 U.S.C. § 2241** to issue orders preventing detainee transfers that would interfere with habeas jurisdiction or the ability to provide effective relief. A transfer designed to defeat bond proceedings or judicial review violates the core purpose of the writ.

### B. Arbitrary and Categorical Detention Violates Due Process

The Fifth Amendment prohibits arbitrary detention without individualized determinations. ICE's practice of detaining individuals without meaningful access to bond or release violates due process and exceeds statutory authority.

### C. Denial of Bond Access and Counsel Violates Due Process

Transfers that disrupt bond proceedings and attorney access deprive detainees of a meaningful opportunity to be heard and violate fundamental fairness.

### D. Guerra-Orellana Class Membership Requires Protection Against Jurisdiction-Defeating Practices

As a member of the Guerra-Orellana class, Petitioner is entitled to protections against detention practices that obstruct access to custody review and judicial oversight.

**E. Failure to Inventory and Return Personal Property Violates Due Process**

ICE's failure to inventory, preserve, and return Petitioner's personal property—particularly legal materials—constitutes a due-process violation and interferes with access to counsel and the courts. This unlawful conduct is properly remedied through ancillary habeas relief.

**F. Petitioner Faces Immediate and Irreparable Harm**

Absent relief, Petitioner faces:

- Continued unlawful detention;
- Loss of bond access;
- Transfer beyond this Court's jurisdiction;
- Ongoing deprivation of personal property essential to legal representation.

These harms cannot be remedied after the fact.

**VI. REQUEST FOR TEMPORARY RESTRAINING ORDER**

Petitioner satisfies all requirements for emergency injunctive relief. ICE's transfer and detention practices undermine constitutional rights and judicial review. Maintaining the status quo imposes minimal burden on Respondents and is necessary to preserve this Court's jurisdiction and Petitioner's due process rights.

**VII. RELIEF REQUESTED**

**WHEREFORE**, Petitioner respectfully requests that this Court:

1. Grant the writ of habeas corpus and order Petitioner's immediate release from ICE custody;
2. In the alternative, order Petitioner's release on recognizance or under the least restrictive conditions necessary to ensure appearance;
3. In the further alternative, order Respondents to provide Petitioner with a prompt individualized bond hearing before a neutral adjudicator, at which:
   - DHS bears the burden of proof,
   - the standard is clear and convincing evidence, and
   - alternatives to detention are meaningfully considered;
4. Issue an immediate Temporary Restraining Order prohibiting Respondents from transferring Petitioner out of Plymouth County Correctional Facility or the District of Massachusetts;
5. Order Respondents to produce a complete written inventory of all personal property seized from Petitioner;
6. Order Respondents to immediately return all personal property, including legal materials, or provide an accounting and appropriate replacement or compensation if property has been lost or destroyed;
7. Issue any preservation order necessary to prevent further destruction or loss of Petitioner's personal property;
8. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

ss// *Kevin MacMurray*

Kevin MacMurray
BBO#558192

MacMurray & Associates, LLC
Two Center Plaza, Suite 605
Boston, MA 02108
kpm@macmurrayassociates.com

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Alejandra Arenas Victoria, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 09 day of January, 2026.

*/s/ Kevin MacMurray*
Kevin MacMurray

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Dated this 09 day of January, 2026.

*/s/ Kevin MacMurray*
Kevin MacMurray