Kevin MacMurray Esq.,
MacMurray & Associates LLC
Two Center Plaza Suite 605
Boston MA 02108
(617) 742 8161
BBO# 558192

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALEJANDRA ARENAS VICTORIA, | |
| Petitioner-Plaintiff, | Case No. 1:26-cv-10088 |
| v. | |
| DAVID WESLING, Field Office Director of ICE ERO in the Boston Field Office; PATRICIA HYDE, Acting Field Office Director; TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement; PAMELA BONDI, U.S. Attorney General; and KRISTI NOEM, U.S. Secretary of Homeland Security, | |
| Respondents-Defendants. | |

**PETITIONER'S EMERGENCY MOTION FOR CONTEMPT AND TO ENFORCE COURT'S ORDER STAYING TRANSFER**

Petitioner Alejandra Arenas Victoria, by undersigned counsel, respectfully moves this Court for an order holding Respondents in contempt for violating this Court's January 9, 2026 Order Concerning Service of Petition and Stay of Transfer or Removal, and for such further relief as the Court deems just and appropriate. In support thereof, Petitioner states as follows:

**I. RELEVANT COURT ORDER**

On January 9, 2026, this Court issued an Order Concerning Service of Petition and Stay of Transfer or Removal ("Order"), which provides in relevant part:

> "The petition alleges that petitioner is being held in the District of Massachusetts. Petitioner shall not be transferred to another district unless the government provides advance notice of the intended move. Such notice shall be filed in writing on the docket in this proceeding and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings. Once that notice has been docketed, the petitioner shall not be moved out of the District for a period of at least 72 hours from the time of that docketing."

The Order further requires that, if the government contests Petitioner's confinement in Massachusetts, it must file written notice identifying the facility of confinement.

The Order is clear, mandatory, and unambiguous.

**II. RESPONDENTS' VIOLATION OF THE COURT'S ORDER**

Despite the express terms of this Court's Order:

1. Petitioner was transferred out of the District of Massachusetts prior to her scheduled bond hearing on January 22, 2026, before the Chelmsford Immigration Court.
2. No advance notice was filed on this Court's docket, and no notice was provided to undersigned counsel, as required by the Order.
3. At the January 22, 2026 bond hearing, ICE was unable to produce Petitioner, stating that she had been transferred but that they were unable to ascertain her location at the time of the hearing.
4. This Court likewise received no written notice explaining the transfer, the justification for the transfer, or the facility to which Petitioner was allegedly moved.

As a direct result of Respondents' actions, Petitioner was deprived of her scheduled bond hearing, and the Immigration Court was prevented from exercising jurisdiction over her custody determination.

## III. LEGAL STANDARD FOR CIVIL CONTEMPT

A party may be held in civil contempt where:

1. A clear and unambiguous order existed;
2. The alleged contemnor had notice of the order; and
3. The alleged contemnor violated the order without adequate justification.

*Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir. 1991).

Here, all three elements are satisfied.

## IV. RESPONDENTS' CONDUCT WARRANTS A CONTEMPT FINDING

The Court's Order unequivocally prohibited Petitioner's transfer absent advance written notice and a 72-hour waiting period. Respondents' failure to provide notice to the Court, to counsel, or to the Immigration Court—and their inability to even identify Petitioner's location at the time of the bond hearing—demonstrates a **plain violation** of the Order.

This was not a technical or harmless violation. The transfer:

- Nullified a duly scheduled bond hearing;
- Interfered with Petitioner's access to counsel;
- Undermined this Court's jurisdiction; and
- Frustrated the orderly adjudication of the pending habeas petition.

Such conduct strikes at the heart of the Court's authority and warrants remedial action.

## V. REQUESTED RELIEF

Petitioner respectfully requests that this Court:

1. Issue an Order to Show Cause why Respondents should not be held in contempt for violating the January 9, 2026 Order;
2. Order Respondents to immediately disclose Petitioner's current location, custodial status, and transfer history;
3. Order Petitioner's return to the District of Massachusetts, or alternatively, order that no further transfers occur absent strict compliance with the Court's Order;
4. Order that Petitioner be re-presented for a bond hearing, without prejudice resulting from Respondents' violation;
5. Award such other and further relief as the Court deems just and appropriate.

## VI. CONCLUSION

Respondents' conduct reflects a direct disregard for this Court's authority and a clear violation of an explicit stay-of-transfer order. Enforcement of the Court's Order is necessary to preserve judicial authority, protect Petitioner's due process rights, and ensure meaningful review of the pending habeas petition.

Respectfully submitted,

ss// *Kevin MacMurray*

Kevin MacMurray
BBO#558192
MacMurray & Associates, LLC
Two Center Plaza, Suite 605
Boston, MA 02108
kpm@macmurrayassociates.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Dated this 22 day of January, 2026.

/s/ *Kevin MacMurray*
Kevin MacMurray