Kevin MacMurray Esq.,
MacMurray & Associates LLC
Two Center Plaza Suite 605
Boston MA 02108
(617) 742 8161
BBO# 558192

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ALEJANDRA ARENAS VICTORIA, | ) | |
| | ) | Case No. 1:26-cv-10088 |
| Petitioner-Plaintiff, | ) | |
| v. | ) | |
| DAVID WESLING, Field Office Director of ICE ERO in the Boston Field Office; PATRICIA HYDE, Acting Field Office Director; TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement; PAMELA BONDI, U.S. Attorney General; and KRISTI NOEM, U.S. Secretary of Homeland Security, | ) | |
| Respondents-Defendants. | ) | |

**PETITIONER'S BRIEF IN SUPPORT OF HER CONTENTION THAT SHE IS A MEMBER OF THE GUERRERO ORELLANA CLASS AND THAT HER JANUARY 22, 2026 BOND HEARING FAILED TO PROVIDE THE PROCESS TO WHICH SHE IS ENTITLED**

Petitioner, through counsel, respectfully submits this brief pursuant to the Court's Order directing her to demonstrate (1) that she is a member of the class certified in *Guerrero Orellana v. Hyde*, and (2) that the bond hearing conducted on January 22, 2026 did not provide the process to which she is constitutionally entitled.

## I. FACTUAL BACKGROUND

1. Petitioner was born on August 12, 2003, in Colombia. She is a native and citizen of Colombia.
2. Petitioner entered the United States without inspection in 2024.
3. Shortly after entry, she was detained for approximately two months.
4. During that detention, she received a credible fear interview and was found to have a positive credible fear.
5. She was thereafter released from custody.
6. Petitioner complied with ICE supervision requirements and appeared for a previously scheduled ICE check-in.
7. She was instructed to appear for a second check-in on January 8, 2026.
8. When she appeared for that appointment as directed, she was taken into custody.
9. Petitioner is currently detained pursuant to removal proceedings under INA § 240.
10. To date, her A-number does not appear in the public EOIR system.
11. On January 22, 2026, she appeared before an Immigration Judge for a custody redetermination hearing.
12. The Immigration Judge did not consider the merits of her bond request.

13. Instead, the Immigration Judge denied bond solely on the basis that:

"The Respondent is statutorily ineligible for IJ custody redetermination pursuant to Matter of M-S-, 27 I&N Dec. 509 (BIA 2019)."

14. No individualized determination of flight risk or danger was conducted.
15. No findings were made regarding Petitioner's ties to the community, lack of criminal history, or compliance with prior supervision.

## II. PETITIONER IS A MEMBER OF THE GUERRERO ORELLANA CLASS

In *Guerrero Orellana v. Hyde*, the District of Massachusetts certified a class of noncitizens detained within the District who are:

- Subject to removal proceedings under INA § 240;
- Not subject to mandatory detention under INA § 1226(c);
- Not detained under a final order pursuant to INA § 1231; and
- Denied a constitutionally adequate bond hearing.

Petitioner satisfies those criteria.

First, she is currently in § 240 removal proceedings following a positive credible fear determination. Second, the government has not alleged that she is subject to mandatory detention under INA § 1226(c). She has no known criminal history and was not arrested on any criminal basis. Third, she is not subject to a final order of removal. Fourth, she was denied a bond hearing on the merits. Instead of conducting an individualized custody determination, the Immigration Judge concluded that she was categorically ineligible for bond under *Matter of M-S-*.

Accordingly, Petitioner falls squarely within the class of individuals detained in Massachusetts who are entitled to a constitutionally compliant custody redetermination hearing.

## III. THE JANUARY 22, 2026 HEARING FAILED TO PROVIDE CONSTITUTIONALLY REQUIRED PROCESS

### A. Due Process Requires an Individualized Custody Determination

The Fifth Amendment guarantees that civil immigration detention must be accompanied by adequate procedural safeguards. At minimum, due process requires:

- An individualized hearing;
- Consideration of danger and flight risk;
- A meaningful opportunity to present evidence; and
- An adjudicator applying the correct legal standard.

The hearing Petitioner received did not meet these requirements.

### B. The Immigration Judge Applied a Categorical Bar and Refused to Consider the Merits

At the January 22, 2026 hearing, the Immigration Judge denied bond solely on the basis of *Matter of M-S-*, concluding that Petitioner was statutorily ineligible for custody redetermination.

The Immigration Judge did not:

- Assess whether Petitioner poses a danger to the community;
- Evaluate whether she presents a flight risk;

- Consider her prior compliance with ICE supervision;
- Consider her positive credible fear determination; or
- Make any individualized factual findings.

The proceeding therefore was not a custody redetermination hearing on the merits. It was a jurisdictional denial based on an interpretation of statutory authority.

**C. Categorical Denial Under Matter of M-S- Does Not Satisfy Due Process**

Even assuming arguendo that *Matter of M-S-* is binding within EOIR, its categorical application does not eliminate constitutional protections.

Petitioner:

- Entered in 2024;
- Was detained and then released after a positive credible fear finding;
- Complied with ICE supervision;
- Appeared voluntarily at her scheduled ICE appointment; and
- Was detained only upon presenting herself as instructed.

Her detention is civil in nature and is not based on criminal grounds. A blanket denial of bond eligibility without any individualized review is incompatible with the due process protections recognized in this District for similarly situated detainees. The January 22 proceeding provided no meaningful opportunity to obtain release and no assessment of whether continued detention is justified.

**IV. CONCLUSION**

Petitioner is a member of the *Guerrero Orellana* class because she:

- Is detained in Massachusetts under § 240 proceedings;
- Is not subject to mandatory detention under § 1226(c);
- Is not subject to a final order of removal; and
- Was denied a constitutionally adequate custody redetermination hearing.

The January 22, 2026 hearing did not provide the process to which she is entitled because the Immigration Judge refused to consider the merits of bond and instead denied eligibility categorically under *Matter of M-S-*.

For these reasons, Petitioner respectfully requests that this Court:

1. Declare that the January 22, 2026 proceeding did not satisfy constitutional due process;
2. Order that Petitioner receive an individualized custody redetermination hearing consistent with constitutional requirements; and
3. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

ss// *Kevin MacMurray*

Kevin MacMurray
BBO#558192
MacMurray & Associates, LLC
Two Center Plaza, Suite 605
Boston, MA 02108
kpm@macmurrayassociates.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Dated this 22 day of January, 2026.

*/s/ Kevin MacMurray*
Kevin MacMurray